# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VINCENT R. POLISI, II ,

    Plaintiff,

v.                                        Case No:   6:25-cv-256-WWB-LHP

RON DESANTIS, ATTORNEY
GENERAL, STATE OF FLORIDA,
BRIAN HAAS, VICTORIA AVALON,
COURTNEY DURDEN, GRADY
JUDD, STEVEN CESAR, ARIEL
JIMENEZ, RAUL CASTELL, 4 JOHN
DOE OFFICERS, JOHN B. FLYNN,
STACIE KAYLOR and JAMES
PATTERSON,

    Defendants

## ORDER

Plaintiff Vincent R. Polisi, II, proceeding *pro se*, has filed several motions, each of which have been referred to the undersigned. None of the motions have been responded to, as no party has yet been served and therefore no party has yet appeared in this case. Upon consideration, it is **ORDERED** as follows:

1.    Plaintiff's Motion to Preserve Evidence (Doc. No. 3) is **DENIED WITHOUT PREJUDICE.** Plaintiff requests that this Court order all Defendants,

as well as non-party the Ninth Judicial Circuit Court of Osceola County, Florida, to preserve numerous categories of documents related to two state court cases. While Plaintiff cites generally to the All Writs Act and the Court's inherent authority, and provides general authority about preservation orders to parties in a case during the discovery process, Plaintiff provides no legal authority supporting the present request, which seeks to essentially order injunctive relief against parties that have not yet appeared in this case, as well as an entire State Court that is not a party to this case. Relatedly, to the extent Plaintiff is seeking a restraining order or injunction against Defendants and at least one non-party, the motion does not comply with the applicable requirements for seeking such relief. *See* Fed. R. Civ. P. 65; Local Rules 6.01, 6.02.

2. Plaintiff has also filed two motions to extend the deadline to serve Defendants, along with a request for service by the United States Marshals Service. Doc. Nos. 14-15. The first motion (Doc. No. 14) is **DENIED AS MOOT** based on Plaintiff's second renewed motion. The second motion (Doc. No. 15) is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.** Pursuant to Federal Rule of Civil Procedure 4(m), upon a showing of good cause, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Accordingly, the request to extend the deadline to serve Defendants is extended by **sixty (60) days from the date of this Order**.

Plaintiff's request for service by the United States Marshals Service (Doc. No. 15) is **DENIED WITHOUT PREJUDICE**. Rule 4(c)(3) provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Here, because Plaintiff has paid the filing fee, the court is not obligated to order that service be made by a United States Marshal. *See Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-cv-2185-JSS-EJK, 2024 WL 5090233, at *1 (M.D. Fla. Dec. 12, 2024). And "although Rule 4(c)(3) . . . gives the [c]ourt discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace." *Id.* (citing *Nappi v. Welcom Prods., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014)). That circumstance is not present here, and Plaintiff's motion does not establish why service by the United States Marshal is necessary, given that there are available avenues for Plaintiff to effect service, to include retaining a private process server or requesting that Defendants waive service.[1] *See Prosperous v. Todd*, No. 8:17-cv-996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) (denying Rule 4(c)(3)

---

[1] Plaintiff's conclusory references to "security or access barriers," that Defendants are high-ranking officials, and that unknown state actors are engaged in "obstruction and coordinated retaliation" (Doc. No. 15, at 3) is insufficient.

motion for same reason); *see also GMAC Real Est., LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) (denying motion to appoint special process server where "Plaintiff has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3)").

3. Next, Plaintiff has filed several motions seeking to conduct early discovery and to serve early subpoenas to non-party witnesses pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45. Doc. Nos. 17, 18, 19, 21, 22, 26. The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference, if ordered by the court. *See* Fed. R. Civ. P. 26(d), (f). "Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (quoting *Williamson v. U.S. Dep't of Ag.*, 815 F.2d 368, 373 (5th Cir. 1987)). Courts will allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery, and "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am.*,

*Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).  The primary purpose of "expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information."  *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021).  Moreover, "expedited discovery should be granted only in exceptional instances."  *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) (citations omitted).

Upon consideration, the Court finds that Plaintiff has not demonstrated good cause for early discovery.  There is no pending motion for preliminary injunction or temporary restraining order, nor have any challenges been made on the basis of personal or subject matter jurisdiction that might warrant early discovery.  And contrary to Plaintiff's assertions, the discovery he seeks appears to be broad ranging (he has not attached copies of any of the proposed discovery), goes to the heart of many of the allegations in his pleadings, and include requests to depose/serve interrogatories/serve requests for production on attorneys who admittedly may either be added as defendants or may represent parties in this action.[2]  While Plaintiff generally asserts concerns that evidence will be concealed, destroyed, or is

---

[2] The Court is further persuaded by the fact that the Presiding District Judge recently dismissed Plaintiff's amended complaint for failure to comply with applicable pleading standards and failure to provide adequate notice of the claims asserted, thus it is unclear whether the discovery Plaintiff requests is related to any sufficiently pleaded claims.  *See* Doc. No. 57.

at risk of being lost due to "institutional memory attrition," he provides no details beyond conclusory statements of wrongdoing or misconduct by various parties to support these concerns. Moreover, the Court finds the prejudice on the opposing parties to be substantial – the discovery appears to be far reaching and involves no less than 12 different individuals, many of whom appear to be members of law enforcement, judicial officers, and attorneys, and Plaintiff's motions do not speak to whether any judicial or sovereign immunity or abstention doctrines would bar the requested relief, or even impact this Court's subject matter jurisdiction.

In sum, Plaintiff has failed to sufficiently establish good cause for any of his requests for early discovery. *See Mullane*, 339 F.R.D. at 662-68 (denying motion for early discovery for similar reasons). In addition, any concerns by Plaintiff about the preservation of documents, videos, recordings, and the like can be addressed with a litigation hold/preservation of evidence request to Defendants, which it appears that Plaintiff may have already done. *See Nelson v. Tompkins*, No. 4:20-CV-213 (CDL), 2020 WL 5647489, at *3 (M.D. Ga. Sept. 22, 2020). Accordingly, each of Plaintiff's motions for early discovery (Doc. Nos. 17, 18, 19, 21, 22, 26) are **DENIED.**

4. Plaintiff's Motion for Emergency Federal Authorization to File Verified Motion to Disqualify State Judge Stacie Kaylor, Omnibus Record-Preservation Notice, and Request for Protective Federal Intervention (Doc. No. 43) is **DENIED.** Plaintiff seeks to disqualify a state court judge from presiding in Defendant's state

court criminal action. *Id.* While couched as a motion to disqualify, the motion essentially seeks the same relief as in Plaintiff's unsuccessful prior motion for a temporary restraining order and preliminary injunction – to prevent continued proceedings in Plaintiff's state criminal case. *See* Doc. Nos. 44, 57. And as with the prior unsuccessful motion, Plaintiff has not satisfied the standards for seeking what amounts to injunctive relief, *see* Fed. R. Civ. P. 65, Local Rules 6.01, 6.02, nor provided exceptional circumstances to overcome the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971); *Starnes v. Florida*, No. 6:09-cv-6-Orl-35GJK, 2009 WL 259289, at *1 (M.D. Fla. Feb. 2, 2009) (denying request for writ of mandamus to disqualify state trial judge for lack of jurisdiction and for failure to overcome *Younger* abstention). As for Plaintiff's request for a preservation notice, Plaintiff again can submit such a request directly to Defendants, and points to no authority permitting such a notice to be filed in this Court, particularly where no party has yet appeared.

5. Plaintiff's Motion for Judicial Notice, Judicial Estoppel, and Sanctions Referral Based on Party-Opponent Admissions of Systemic Bias, Political Corruption, and Irreparable Conflicts of Interest (Doc. No. 48) is **DENIED**. It appears that Plaintiff is requesting that the Court take judicial notice of various statements by Defendant Victoria Avalon, a referral for sanctions and disciplinary investigation/action, and again reiterates his request for injunctive relief. *Id.* The

requests for injunctive relief are again denied for the reasons previously discussed in this Order, and in the Presiding District Judge's July 10, 2025 Order. Doc. No. 57. The remaining requests are denied for failure to provide legal authority to support such relief, including authority permitting such relief prior to the appearance of any party in this case. It seems that the relief Plaintiff seeks relates to his underlying criminal matters, which again this Court is without jurisdiction to interfere with.

6. Plaintiff's Motion for Leave to File Second Amended Complaint Nunc Pro Tunc (Doc. No. 55) is **DENIED AS MOOT.** The Presiding District Judge recently dismissed without prejudice Plaintiff's amended complaint (Doc. No. 28) as an impermissible shotgun pleading and provided Plaintiff until July 30, 2025 to file an amended pleading. Doc. No. 57. Plaintiff thereafter filed his amended complaint on July 12, 2025. Doc. No. 58.

**DONE** and **ORDERED** in Orlando, Florida on July 15, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties