# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

VINCENT R. POLISI, II ,

    Plaintiff,

v.              Case No: 6:25-cv-256-WWB-LHP

RON DESANTIS, ATTORNEY
GENERAL, STATE OF FLORIDA,
BRIAN HAAS, VICTORIA AVALON,
COURTNEY DURDEN, GRADY
JUDD, STEVEN CESAR, ARIEL
JIMENEZ, RAUL CASTELL, 4 JOHN
DOE OFFICERS, JOHN B. FLYNN,
STACIE KAYLOR and JAMES
PATTERSON,

    Defendants

_____

# ORDER

    Plaintiff Vincent R. Polisi, II, proceeding *pro se*, has filed several motions, each of which have been referred to the undersigned.   None of the motions have been responded to, as no party has yet been served and therefore no party has yet appeared in this case.   Upon consideration, it is **ORDERED** as follows:

    1. Plaintiff's Emergency Motion for Federal Record Preservation, Judicial Protective Intervention, and Notice of Speedy Trial Expiration Triggered by State

Court Misconduct and Judicial Disqualification (Doc. No. 42) is **DENIED WITHOUT PREJUDICE.** While somewhat unclear, it appears that Plaintiff is asking this Court to accept an attached Notice of Expiration of Speedy Trial Time related to a state court matter, and to serve a copy of the Notice on the Tenth Judicial Circuit Court, Polk County, Florida, as well as the Florida Sixth District Court of Appeal. *Id.*, at 5-6. Plaintiff also asks the Court to preserve federal jurisdiction over various alleged constitutional violations that appear to relate to state court proceedings. *Id.* Although Plaintiff cites to various statutes and case authority, he fails to provide any legal authority supporting the present motion, which again appears to seek injunctive relief against parties that have not yet appeared in this case, and/or are not listed as parties to this case, as well as to interfere in what appear to be ongoing state court proceedings.

To the extent Plaintiff is seeking any injunctive relief, the motion does not comply with the applicable requirements for seeking such relief. *See* Fed. R. Civ. P. 65; Local Rules 6.01, 6.02. *See also* Doc. No. 63. And to the extent Plaintiff seeks to enjoin or interfere with any ongoing state court proceedings, such requests are barred by the *Younger v. Harris*, 401 U.S. 37 (1971) abstention doctrine. That said, the Court will accept Plaintiff's motion and attachments, which will remain part of the case record.

2.    Plaintiff's Motion for Order Directing Service by United States Marshals Service (Doc. No. 65) is **DENIED WITHOUT PREJUDICE**.  First, the motion fails to contain a memorandum of law as required by Local Rule 3.01(b). Second, and as the Court previously explained (*see* Doc. No. 63), Rule 4(c)(3) provides that "the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.   The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."   Here, because Plaintiff has paid the filing fee, the court is not obligated to order that service be made by a United States Marshal.  *See Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-cv-2185-JSS-EJK, 2024 WL 5090233, at *1 (M.D. Fla. Dec. 12, 2024).   And "although Rule 4(c)(3) . . . gives the [c]ourt discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace[.]"   *Id.* (citing *Nappi v. Welcom Prods., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014)).   That circumstance is not present here, and Plaintiff's motion does not establish why service by the United States Marshal is necessary, given that there are available avenues for Plaintiff to effect service, to include retaining a private process server or requesting that Defendants waive service.[1]   *See Prosperous v. Todd*, No. 8:17-cv-

---

[1] Plaintiff's conclusory statement that Defendants are high-ranking officials, which

996-T-33MAP, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017) (denying Rule 4(c)(3) motion for same reason); *see also GMAC Real Est., LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FtM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) (denying motion to appoint special process server where "Plaintiff has provided no factual basis for why a court order is necessary to accomplish service of process and does not include any legal authority in support of its Motion other than Rule 4(c)(3)").

3. Third, Plaintiff has filed an Emergency Motion for Expedited Discovery and Leave to Issue Subpoena Duces Tecum to Osceola County Clerk of Court to Prevent Spoliation. Doc. No. 67. The Federal Rules of Civil Procedure provide that discovery may commence before the parties have engaged in a discovery conference, if ordered by the court. *See* Fed. R. Civ. P. 26(d), (f). "Control of discovery is committed to the sound discretion of the trial court and its discovery rulings will be reversed only where they are arbitrary or clearly unreasonable." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (quoting *Williamson v. U.S. Dep't of Ag.*, 815 F.2d 368, 373 (5th Cir. 1987)). Courts will allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery,

---

may make private process service impractical or inappropriate (Doc. No. 65, at 2), is insufficient.

and "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). The primary purpose of "expedited discovery is to allow a party to obtain specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021). Moreover, "expedited discovery should be granted only in exceptional instances." *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021) (citations omitted).

The Court previously denied Plaintiff's prior motions seeking early discovery, (Doc. No. 63) and those same reasons apply equally here. There is no pending motion for preliminary injunction or temporary restraining order, nor have any challenges been made on the basis of personal or subject matter jurisdiction that might warrant early discovery. Plaintiff also has not explained why he should be permitted to seek discovery from a non-party to this case, beyond his general assertions that evidence will be concealed, delayed, or destroyed. In addition, many of the requested documents appear to already be in Plaintiff's possession as they are his own filings, as well as copies of court dockets and court orders, and Plaintiff provides no legal authority justifying discovery of "internal memoranda,

email, directive, or instruction" from a state court Judge or her chambers. And it appears that Plaintiff seeks to obtain this discovery as part of his attempt to enjoin and/or interfere with ongoing state court proceedings, which would implicate *Younger* abstention. Thus, Plaintiff has again failed to sufficiently establish good cause for his requested early discovery. *See Mullane*, 339 F.R.D. at 662-68 (denying motion for early discovery for similar reasons). Accordingly, Plaintiff's emergency motion (Doc. No. 67) is **DENIED WITHOUT PREJUDICE.**

4.    The Court previously provided Plaintiff until on or about September 15, 2025 to effectuate service on Defendants. *See* Doc. No. 63, at 2. As of the date of this Order, Plaintiff has not submitted any proof of service as to any Defendant, instead choosing to reassert the same motions which the Court has found to be without merit. In light of Plaintiff's *pro se* status, the Court will *sua sponte* provide Plaintiff **one final extension of time** to effectuate service. *See* Fed. R. Civ. P. 4(m). Within **sixty (60) days** from the date of this Order, Plaintiff shall serve Defendants and file proof of service as to each Defendant. **Failure to comply with this deadline will result in a recommendation that this case be dismissed for failure to prosecute.** *See* Local Rule 3.10; Fed. R. Civ. P. 16(f).

**DONE** and **ORDERED** in Orlando, Florida on December 23, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties